UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

William Kostroun,

    Plaintiff,

v.

Excel Physical Therapy, P.C.,

    Defendant.

Case No:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff William Kostroun ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Excel Physical Therapy, P.C. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of professional National Football League player Elijah Moore (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a physical therapy and rehabilitation company which owns and operates a website at domain www.exceltherapy.com (the "*Website*").

4. Defendant owns and operates a Facebook account with the name "@excelptnj" ("*Account 1*").

5. Defendant owns and operates an Instagram account with the name "@excelptnj" ("*Account 2*").

6. Defendant owns and operates a Twitter account with the name

1

"@excelptnj" ("*Account 3*").

7. Defendant owns and operates a LinkedIn account with the name "@excelptnj" ("*Account 4*").

8. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website as well as the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff William Kostroun is an individual who is a citizen of the State of New Jersey and maintains a principal place of business in Bergen County, New Jersey.

10. Upon information and belief, defendant Excel Physical Therapy, P.C., is a New Jersey professional corporation with a principal place of business at 605 Main Street, Hackensack in Bergen County, New Jersey and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New Jersey.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

14. Plaintiff is a professional photographer by trade who is the legal and

rightful owner of certain photographs which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. On August 12, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

19. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

20. On September 3, 2021, the Photograph was registered by the USCO under Registration No. VA 2-267-973.

21. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

22. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

**B.** **<u>Defendant's Infringing Activity</u>**

23. Defendant is the registered owner of the Website and is responsible for its content.

24. Defendant is the operator of the Website and is responsible for its content.

25. Defendant is the registered owner of the Accounts and is responsible for their content.

26. Defendant is the operator of the Accounts and is responsible for their

content.

27. The Accounts are part of and used to advance Defendant's commercial enterprise.

28. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

29. The Website as well as the Accounts are monetized in that they promote the business and its services to the public and, upon information and belief, Defendant profits from these activities.

30. On or about September 30, 2021, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.exceltherapy.com/2021/09/30/excel-injury-report-nfl-week-3/ ("*Infringement 1*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

31. The Photograph was stored by Defendant at URL: https://www.exceltherapy.com/wp-content/uploads/2021/09/elijah-moore-blog.jpg.

32. Further, Defendant displayed the Photograph on the Accounts as part of social media posts at URLs: https://www.facebook.com/excelptnj/photos/a.1706308566359664/3211992485791257/ ("*Infringement 2*"); https://www.instagram.com/p/CUdOlGwsawU/ ("*Infringement 3*"); https://twitter.com/excelptnj/status/1443651540556865549 ("*Infringement 4*"); and https://www.linkedin.com/posts/excelptnj_excelptnj-gettingbettertogether-nfl-activity-6849417251704066048-BYal/?trk=public_profile_like_view ("*Infringement 5*"). Copies of screengrabs of the Accounts including the Photograph are attached hereto collectively as Exhibit 2.

33. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website as well as the Accounts.

4

34. Plaintiff first observed and actually discovered the Infringements on April 12, 2022.

35. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

36. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

37. The Infringements are exact copies of the critical portions of Plaintiff's original image that were directly copied and displayed by Defendant on the Website as well as the Accounts.

38. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website as well as its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

39. Upon information and belief, Defendant is a sophisticated company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise where copyright is prevalent.

40. Upon information and belief, Defendant's marketing staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles have been properly licensed.

41. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's

reach, capabilities, and level of sophistication.

42. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

43. Upon information and belief, the Photograph was willfully and volitionally posted to the Website as well as the Accounts by Defendant.

44. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

45. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as its Accounts and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant monitors the content on its Website as well as its Accounts.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

49. Upon information and belief, the Infringements increased traffic to the Website as well as the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

50. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website as well as the Accounts.

51. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

52. Defendant's use of the Photograph harmed the actual market for the Photograph.

53. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

54. On May 23, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

55. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

56. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

60. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

61. Plaintiff has not granted Defendant a license or the right to use the

Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

62. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

64. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website as well as the Accounts.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

66. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: June 14, 2024

**SANDERS LAW GROUP**

By:  */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127976

*Attorneys for Plaintiff*